IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENNETH HAMPTON**                                                                             **PLAINTIFF**

v.                                                               CIVIL ACTION NO. 3:18-cv-434-HTW-LRA

**CITY OF YAZOO, MISSISSIPPI;**
**YAZOO CITY POLICE DEPARTMENT; and**
**CHIEF RON SAMPSON, SR., INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE**
**OF YAZOO CITY, MISSISSIPPI**                                                          **DEFENDANTS**

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Kenneth Hampton, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of COBRA and torts committed by these Defendants against Plaintiff consisting of wrongful termination, tortious interference, intentional and/or infliction of emotional distress, and defamation. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.   Plaintiff, Kenneth Hampton, is an adult male resident of Yazoo County, Mississippi.

2.   Defendant, City of Yazoo, Mississippi, may be served by serving Kaneilia Williams, City Clerk, City Hall, 128 East Jefferson Street, Yazoo City, MS 39194.

3.   Defendant, Yazoo City Police Department, may be served by serving Chief Ron Sampson, Sr., 310 Mike Espy Drive, Yazoo City, Mississippi, 39194.

4.   Defendant, Ronald Sampson, Sr., in his individual and official capacity, and the Yazoo City Police Department, may be served at 310 Mike Espy Drive, Yazoo City, MS 39194.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction and venue is proper in this court.

## STATEMENT OF FACTS

6. Plaintiff was hired by the Yazoo City Police Department on August 4, 2014, as a Patrolman and was promoted to Sergeant Shift Supervisor in March 2015.

7. Plaintiff worked under Chief Ronald Sampson, Sr., Chief of Police of Yazoo City, Mississippi.

8. On November 21, 2017, Plaintiff received a call from Chief Ron Sampson ordering him to arrest a former officer, Kenny Lewis, and charge Mr. Lewis with domestic violence.

9. After arriving on the scene, Plaintiff witnessed no situation that justified the arrest of Kenny Lewis, nor did he witness any behavior that met the domestic violence criteria.

10. Plaintiff did not arrest Kenny Lewis, but he did write Mr. Lewis a ticket for running stop signs.

11. Plaintiff attempted to explain the situation to Chief Sampson, but the Chief continued to insist that Kenny Lewis be arrested and charged with domestic violence.

12. Plaintiff stated that in order to charge Kenny Lewis with domestic violence, he would have to lie on the report, sign his name on a false affidavit, and lie under oath in court, all of which Plaintiff refused to take part in.

13. Chief Sampson responded to Plaintiff's concerns by saying, "Lock his [Kenny Lewis] ass up, and charge him with domestic violence, and I [Ron Sampson] better see the report on my desk in the morning."

14. On November 22, 2017, Plaintiff called Chief Sampson to confirm that the Chief had received the report on Kenny Lewis. Chief Sampson accused Plaintiff of disobeying a direct order, even after Plaintiff had explained that the situation had not met the criteria for a domestic violence charge.

15. During the conversation between Plaintiff and Chief Sampson on November 22, 2017, Plaintiff stated that there was no reason for the Chief to yell or curse at him, as they were both grown men. The Chief responded by saying, "I won't have anyone working under me telling me what to do."

16. On December 22, 2017, Officer Arthur Thompson and Detective Isaiah Collins arrived at Plaintiff's home to deliver a letter of termination. Plaintiff stated that Officer Thompson and Detective Collins took a defensive position after giving him the notice of termination, which deeply upset and offended Plaintiff as he had given them no reason to take defensive measures.

17. The notice of termination stated that Mayor Diane Delaware and the Board of Aldermen terminated Plaintiff because of repeated documented violations and failure to conform through discipline. The notice of termination claimed that the violations dated back to January 8, 2015.

18. No specific violations were listed in the notice of termination. Plaintiff is unaware of what specific violations he committed as his request for a count of violations went unacknowledged.

## CAUSES OF ACTION

### COUNT I: TORTIOUS INTERFERENCE

19. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20. The basic elements for tortious interference with an existing contractual relationship include: (a) existence of a valid contractual relationship or business expectancy; (b) knowledge of the contractual relationship or expectancy by the Defendant; (c) intentional interference inducing or causing a breach or termination of the contractual relationship or expectancy; and (d) resultant damage to the party whose contractual relationship or expectancy has been disrupted.

21. Defendant Ron Sampson tortiously interfered with Plaintiff's employment relationship with Defendant, Yazoo City Police Department. Plaintiff has suffered damages as a result of Defendant Ron Sampson's actions. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant Ron Sampson's actions in tortiously interfering with his employment relationship with Yazoo City Police Department. In addition, Defendant Ron Sampson's actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against Defendant Ron Sampson in an amount to be determined by the jury.

## COUNT II: WRONGFUL TERMINATION

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Defendants retaliated against Plaintiff by terminating his employment after he refused to arrest a former officer and falsely charge him with domestic violence, which would require Plaintiff to write a false report, sign a false affidavit, and lie under oath.

24. Plaintiff has been harmed as a result of this retaliation, and the Defendants are liable to Plaintiff for the same.

25. The acts of the Defendants constitute a willful and intentional violation of Mississippi Common law and constitutes the tort of wrongful termination which entitles Plaintiff to damages, both compensatory and punitive in nature.

### COUNT III: DEFAMATION

26. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27. The writing down on paper and publishing the writings herein above set forth constitute libel committed by the Defendant, Ron Sampson, against Plaintiff.

28. The statements made by Defendant, Ron Sampson, as specifically herein above set forth and others as will be determined as this case unfolds, constitute slander and slander *per se* of and suffered by Plaintiff.

### COUNT IV: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

30. By his actions, Defendant Ron Sampson has intentionally and/or negligently inflicted emotional distress upon Plaintiff. Defendant Ron Sampson's actions have been such to evoke outrage and revulsion. Defendant Ron Sampson's behavior has been malicious, willful, wanton, grossly careless, indifferent, or reckless.

31. The effect of these actions on Plaintiff was reasonably foreseeable.

32. Plaintiff has suffered injury as a result of Defendant Ron Sampson's actions.

### COUNT V: VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161

33. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as if fully incorporated herein.

34. Defendant failed to notify Plaintiff about the availability of continuing his insurance coverage pursuant to 29 U.S.C. § 1166, known as COBRA. An employer is required to give an employee notice about the possibility of continuing insurance coverage under COBRA if an employee is terminated.

35. The Defendant's failure to notify Plaintiff of his right to extend coverage after the Defendant terminated Plaintiff violated 29 U.S.C. § 1161 and 1166.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement; and
3. Liquidated damages;
4. Compensatory wages;
5. Punitive damages;
6. Attorney fees and costs; and
7. Such other relief as the Court deems just and appropriate.

THIS the 5th day of July 2018.

Respectfully submitted,

KENNETH HAMPTON, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com